ROBERTS ET AL. *vs.* PAGE.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

A debtor who is about to absent himself from the state, even for a limited
time, may be held to bail, if he leaves no property in the state.

So, where the captain of a steam-boat, trading to Havana, was about leav-
ing New-Orleans, the place of his domicil, on a regular voyage, to return
immediately : *Held*, that he was liable to arrest at the suit of a creditor,
when it was not shown that he owned or possessed any property.

This case comes up on an appeal from the decision of the
district judge on a rule, taken on the plaintiff, to show
cause why the defendant should not be discharged from
arrest and bail.

It was shown that the defendant commanded the steamer
Cuba, trading between New-Orleans and Havana, and was
about to depart on a trip, or voyage, when he was arrested
and held to bail at the suit of the plaintiff. It did not
appear that the defendant had any visible property, but there
was no intention of leaving the state shown, except on the
voyage to Havana and back again.

The district judge was of opinion, that, as the defendant
was a sea-faring man by profession, but having his domicil in
New-Orleans, it would be depriving him of the means of
supporting himself and family, to allow him to be arrested
under such circumstances. The rule was made absolute,
and the plaintiffs appealed.

*Benjamin*, for the plaintiffs and appellants.

*L. C. Duncan*, contra.

*Rost, J.*, delivered the opinion of the court.

The defendant, held to bail upon an action of debt, took a
rule upon the plaintiffs to show cause why the order of bail
should not be set aside, on the ground that he was a resident
of New-Orleans, and had no intention of removing or depart-
ing from the state.

The witnesses introduced by the defendant on the trial of EASTERN DIST. the rule all stated that they did not believe he had any *May*, 1839. intention of leaving the state permanently; but the testi- ROBERTS ET AL.<br>*vs.*<br>PAGE. mony establishes the fact that he was, at the time of the arrest, the captain of a steam-boat trading out of the state.

The District Court, considering that his domicil was in New-Orleans; that, being a seaman, the departure antici- pated was a departure in the prosecution of the business by which he gained a living; that, to detain him, would be to deprive him of the means of supporting himself and family; and that the useful class to which he belongs ought not to be subjected to harder terms of existence than other classes of the body politic, made the rule absolute, and the plaintiffs appealed.

We hope we will ever be foremost in the support of sailors' rights, but we have looked in vain in the law, to find any thing that justifies the exception made in their favor by the judge in the present case, and we must say, that the force of his reasons does not strike us more than it would in any other case of arrest. When a debtor is confined within the walls of a prison, it matters little, we apprehend, whether he was in the habit of supporting himself and his family by sea- faring or by labor on shore; he is, in all cases, alike cut off from his means of support. It is well settled, that a person about to absent himself, even for a limited time, may be held to bail, if he leaves no property in the state; and the defend- ant has neither alleged nor proved that he was possessed of any. *Code of Practice, art.* 212 and 213.

A debtor, who is about to absent himself from the state, even for a limited time, may be held to bail, if he leaves no property in the state.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; and it is further ordered and adjudged, that the rule taken by the defendant be discharged, the order of arrest maintained, and the case remanded to be proceeded in according to law, the defendant and appellee paying the costs of this appeal.